Per Curiam.

The two first counts of the declaration in this case, are like those in the previous one against Seixas, and the demurrers to them must be overruled, for the reasons there given. The defendant has not made his objections stronger, by assigning special causes of demurrer ; for his exceptions, if valid, would go to the foundation of the action. They assume, that all the matters of duty charged upon the plaintiffs, are conditions precedent to their right of recovery, and that the declaration should contain averments of a performance of those conditions. We do not think so. As soon as a sufficient amount of stock was subscribéd, to justify the plaintiffs in the commencement of the work, the defendant became subject to the call for instalments, and having disobeyed that call, he is liable, in assumpsit, for their amount. The remedy given to the plaintiffs, is not confined to a forfeiture of the stock; it is cumulative, and the plaintiffs may resort to both remedies, if necessary.
As to the fifth count, the objections to it cannot be sustained. It avers, that the defendant being indebted to the plaintiffs in the sum of 1600 dollars, for moneys due and owing from him to the plaintiffs, forsixteen shares of the stock of that company, which were *513 held by the defendant, in consideration thereof, promised to pay the same, when he should be afterwards requested. Here is, no doubt, a valid consideration set forth for the defendant’s promise. It arises from the indebtedness of the defendant, for the stock actually held by him. It was not necessary to set forth the manner in which he became the proprietor of the stock. If he owed the money to the plaintiffs and promised to pay it, he is, no doubt; liable. It will be the proper occasion, on the trial of the cause, to inquire, whether the count under consideration, must not be supported by proof of an actual promise. But upon demurrer, an actual promise, if necessary, may be inferred, for the purpose of supporting that laid in the declaration; and upon the trial, a promise alleged, in general terms, may be ^supported by proof of an express promise. The demurrer, therefore, must be overruled.

Judgment for the plaintiffs on the demurrer, with leave to the defendants, &c.

[J. L. Mason, Att’y for the plffs. J. Greenwood, Att'y for the deft.]